IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JERAMIE A. MCCULLEN, o/b/o himself and a class of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-00347-CV-W-ODS |
| vs. | ) ) ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED PETITION

Pending is Defendant's Motion to Partially Dismiss Plaintiff's Amended Petition for Damages. Doc. #10. For the following reasons, Defendant's motion is granted in part and denied in part.

### I. BACKGROUND

In April 2019, Plaintiff filed a putative class action against Defendant Union Pacific Railroad Company. Doc. #1-1. In his Amended Petition for Damages, Plaintiff alleges Defendant violated the Missouri Human Rights Act ("MHRA"). Doc. #1-2. Plaintiff claims he and others similarly situated sought employment with Defendant, they were offered conditional employment pending a pre-employment physical, and in at least some instances, they passed the pre-employment physical. Doc. #1-2. However, the applicants' conditional offers of employment were rescinded because they had physical or mental impairments, Defendant regarded them as having impairments, and/or the applicants' medical records indicated they had impairments. *Id.*

In May 2019, Defendant removed the matter to this Court. Doc. #1. Defendant now moves to dismiss Plaintiff's failure to accommodate, and also moves to dismiss Plaintiff's class allegations, or alternatively, dismiss class claims accruing before January 6, 2018, due to Plaintiff's failure to administratively exhaust said claims.

## II. STANDARD

Defendant brings its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court "must accept as true…the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a motion to dismiss, the court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "[L]egal conclusions can provide the framework" for a claim, but the legal conclusions "must be supported by factual allegations." *Id.* When faced with "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In alleged class actions, the Eighth Circuit has held "class claims that fail to meet the requirements of Rule 23 may be properly dismissed by granting a Rule 12(b)(6) motion." *McCrary v. Stifel, Nicolaus & Co.*, 687 F.3d 1052, 1059 (8th Cir. 2012).

## III. DISCUSSION

### A. Class Allegations

Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for class certification. Under Rule 23(a), the party seeking to certify a class must show (1) the class is so numerous that joinder of all members is impracticable, (2) questions of law or fact are common to the class, (3) the representative party's claims are typical of the class's claims, and (4) the representative party will fairly and adequately protect the class's interests. Fed. R. Civ. P. 23(a). If the Rule 23(a) requirements are met, the class action may be maintained only if it falls into one of three different categories set forth in Rule 23(b).

Defendant moves to dismiss Plaintiff's class allegations because they do not satisfy the commonality, typicality, or predominance requirements in Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. Defendant argues a putative class member's claim hinges on individualized inquiries, and thus, the Rule 23 requirements are not met. Defendant points to the individual inquiry that is necessary to determine whether a plaintiff is "disabled" under the MHRA, which includes 1) examination of whether the person has an impairment; (2) a record of such an impairment, or is regarded as having an impairment; (3) whether the impairment substantially limits or is treated as substantially limiting a major life activity; (4) whether mitigating measures are available to overcome the substantial impairment; and (5) whether the impairment interferes with performing a job, and if so, whether a reasonable accommodation would enable the person to perform the essential functions of the job.

Because Defendant's motion is based solely on Plaintiff's Amended Petition, the Court must consider Plaintiff's allegations, accept them as true, and view them in the light most favorable to Plaintiff. In the Amended Petition, Plaintiff maintains he is bringing a Missouri state-wide class action against Defendant. Doc. #1-2, ¶ 26. He alleges he and others sought and were offered conditional employment with Defendant pending a pre-employment physical, and in at least some instances, the applicants passed the pre-employment physicals. *Id.* ¶¶ 27-28. However, their conditional offers were rescinded because they had impairments that substantially limited major life activities but did not interfere with their ability to perform the job, Defendants regarded

them as having such impairments, and/or the their medical records revealed impairments.  *Id.*

Plaintiff asserts his class claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.  Regarding numerosity, Plaintiff alleges Defendant employs more than 2,000 people in Missouri, and two of its largest rail centers are located in the state.  *Id.* ¶ 30.  Because "railroad work is notoriously physically taxing, resulting in a high turnover of employment," Plaintiff contends "joinder of all class members in a single action is impracticable."  *Id.*  However, according to Plaintiff, class members could be easily identified through Defendant's records, and informed of this matter via mail, electronic mail, or other means.  *Id.*

Plaintiff contends questions of law and fact are common to class members, and the commonality predominates over issues involving only individual class members.  *Id.* ¶¶ 31-32.  Plaintiff alleges the following commonalities:

- "Whether [Defendant] engaged in a pattern and practice of discriminating against those employees who were made a conditional offer of employment and who have or had a disability"

- "Whether [Defendant] engaged in a pattern and practice of discriminating against employees who were made a conditional offer of employment and who were regarded as having a disability"

- "Whether [Defendant] engaged in a pattern and practice of discrimination against employees who were made a conditional offer of employment and who have a record of a disability"

- "Whether class members' disabilities were motivating factors in the adverse employment actions"

- "Whether [Defendant] failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against those persons to whom [Defendant] made a conditional offer employment, including disability discrimination under the MHRA"

- "Whether [Defendant] failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA"

- "Whether [Defendant] encourages, condones and/or ratifies…a discriminatory environment against those persons with disabilities to whom [Defendant] has made a conditional offer of employment"

4

- "Whether [Defendant]'s conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others."

*Id.* ¶ 31(a)-(h).

Plaintiff alleges his claims are typical of class members' claims because all claims are based on the same fact and law. That is, class members (including Plaintiff) were made conditional offers of employment pending completion of a pre-employment physical, passed the physicals, and "were subject to the same or similar unlawful practices" when they provided documents to Defendant regarding disabilities. *Id.* ¶ 33. Plaintiff claims he is an adequate representative of the class because his interests do not conflict with the other class members' interests. *Id.* ¶ 35. Also, he contends the class members' interests will be fairly and adequately protected by Plaintiff and his counsel. *Id.* Plaintiff maintains a class action is the appropriate method for fair and efficient adjudication of the controversy. If class members presented their claims individually, there would be a risk of inconsistent results and adjudications, incompatible standards of conduct for Defendant could be established, class members' ability to protect their interests may be impeded, and a substantial and unnecessary burden would be placed on the courts. *Id.* ¶¶ 34, 36.

As the Eighth Circuit noted, "[t]he propriety of class action status can seldom be determined on the basis of the pleadings alone." *Walker v. World Tire Corp.*, 563 F.2d 918, 921 (8th Cir. 1977) (citations omitted). Although considered "unusual," a defendant may move to dismiss class allegations before discovery or class certification proceedings when the complaint "demonstrates that the requirements for maintaining a class action cannot be met." *Nobles v. State Farm Mut. Auto. Ins. Co.*, No. 10-04175-CV-NKL, 2012 WL 4090347, at *2 (W.D. Mo. Sept. 17, 2012) (citation and internal quotations omitted). If the plaintiff fails to make a prima facie showing of the Rule 23 requirements, "dismissal is appropriate unless plaintiffs demonstrate that discovery is 'likely to produce persuasive information substantiating the class action allegations.'" *Id.* (quoting *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)). This Court and the United States District Court for the Eastern District of Missouri have repeatedly remarked that motions to dismiss class allegations should be met "with a great deal of skepticism," and dismissing class allegations prior to discovery and class

certification proceedings is "rare" and "generally disfavored." *See Anglin v. Edgewell Personal Care Co.*, No. 4:18-CV-639-NCC, 2018 WL 6434424, at *13-14 (E.D. Mo. Dec. 7, 2018) (citations omitted); *Simpson v. Boeing Co.*, 27 F. Supp. 3d 989, 995 (E.D. Mo. 2014) (citation omitted); *Courtright v. O'Reilly Auto., Stores, Inc.*, No. 14-00334-CV-W-GAF, 2014 WL 12623695, at *1 (W.D. Mo. July 7, 2014); *Sherrard v. Boeing Co.*, No. 4:13-CV-1015-CEJ, 2013 WL 5786642, at *3 (E.D. Mo. Oct. 28, 2013); *Nobles*, 2012 WL 4090347, at *2; *Doyel v. McDonald's Corp.*, No. 4:08-CV-1198-CAS, 2009 WL 350627, at *5 (E.D. Mo. Feb. 10, 2009).

The Court has carefully reviewed and considered Plaintiff's Amended Petition and finds it contains sufficient facts that, if accepted as true, state a plausible class action claim against Defendant, and Plaintiff has put Defendant on notice of a plausible class claim. Furthermore, the Court hesitates to foreclose the possibility of class-wide relief at the pleading stage. Instead, Plaintiff should be given the opportunity to conduct discovery on class certification issues. This Court and other courts have reached similar conclusions. *See, e.g., Giesmann v. Am. Homepatient, Inc.*, No. 4:14-CV-1538-RLW, 2015 WL 3548803, at *6 (E.D. Mo. June 8, 2015) (declining to dismiss class allegations because the court was not entertaining a motion to certify the class); *Courtright*, 2014 WL 12623695, at *3 (stating it could not "definitely say that Plaintiff's Complaint makes it facially apparent that there is no ascertainable class."); *Williamson v. Hartford Life & Acc. Ins. Co.*, No. 09-CV-4114-SOW, 2010 WL 11618788, at *2 (W.D. Mo. Sept. 29, 2010); *Gardner v. Hartford Life & Acc. Ins. Co.*, No. 2:08-CV-04030-NKL, 2008 WL 4279815, at *5 (W.D. Mo. Sept. 15, 2008) (finding the plaintiff stated a plausible class action claim). For the foregoing reasons, Defendant's motion to dismiss Plaintiff's class allegations is denied.

### B.     Administrative Exhaustion

The parties agree a plaintiff filing suit under the MHRA must exhaust his or her administrative remedies. Doc. #11, at 12; Doc. #16, at 14. To that end, a charge of discrimination must be filed with the Missouri Commission on Human Rights ("MCHR") within 180 days of the alleged discriminatory act. *Id.* Plaintiff filed his charge of discrimination with the MCHR on July 5, 2018. Doc. #1-2, at 12. Defendant contends

Plaintiff's class allegations accruing before January 6, 2018 (180 days before Plaintiff filed his charge of discrimination) are time barred and must be dismissed. Doc. #11, at 13. In response to Defendant's motion, Plaintiff concedes "only those class allegations accruing on or after January 6, 2018 are actionable." Doc. #16, at 15. Pursuant to Plaintiff's concession, Defendant's motion to dismiss is granted, and class allegations accruing before January 6, 2018, are dismissed.

### C.     Disability Discrimination – Failure to Accommodate

Plaintiff alleges two counts in this lawsuit. Both counts allege Defendant discriminated against him on the basis of his disability in violation of the MHRA. In Count I, Plaintiff alleges Defendant failed to provide a reasonable accommodation. In Count II, Plaintiff alleges Defendant rescinded its offer of employment. Defendant moves to dismiss Count I, arguing the MHRA does not recognize failure to accommodate as a separate form of discrimination. Plaintiff argues Count I sufficiently states a claim of disability discrimination under the MHRA, and he should be permitted to plead both failure to accommodate and rescission of employment offer as theories of disability discrimination.

The Missouri Supreme Court has clarified "the MHRA does not provide for 'types' of…discrimination claims." *R.M.A. v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 426 n.4 (Mo. banc 2019). In the context of a sex discrimination, the Missouri Supreme Court explained, "a claim is either a claim of sex discrimination or it is not. Rather than a 'type' of sex discrimination claim, 'sex stereotyping' merely is one way to prove a claim of sex disclination, i.e., 'sex stereotyping' can be evidence of sex discrimination." *Id.* Recently, the United States District Court for the Eastern District of Missouri noted a failure to accommodate claim and a wrongful discharge claim under the MHRA are two "different ways of proving the same discrimination claim under the MHRA based on disability." *Lawrence v. TVS Supply Chain Sols. N. Am., Inc.*, No. 4:19-CV-169-SNLJ, 2019 WL 3343462, at *3 (E.D. Mo. July 25, 2019).

While the MHRA may not provide for different types of disability discrimination claims, the MHRA, as noted by the Missouri Supreme Court, permits a party to prove the same kind of discrimination (here, disability discrimination) in different ways.

Plaintiff's Amended Petition alleges two ways to prove his claim of disability discrimination. Moreover, Plaintiff sets forth sufficient facts to set forth a plausible claim of disability discrimination – again, a claim that he intends to prove in one or two ways.

The Court has not located legal authority requiring Plaintiff to allege multiple ways of proving discrimination in one count or separate counts. Plaintiff chose the latter. Whether Plaintiff will request or be permitted to submit one or both ways of proving disability discrimination to the jury remains a topic for another day. At this juncture, Plaintiff's disability discrimination claim, which he intends to prove with Defendant's alleged failure to accommodate (as well as Defendant's decision to rescind the offer of employment), has been sufficiently pleaded and will not be dismissed. Accordingly, Defendant's motion to dismiss Count I is denied.

## IV.　CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part in that any class allegations accruing before January 6, 2018, are time barred and dismissed, but Defendant's motion to dismiss is denied in all other respects.

IT IS SO ORDERED.

DATE:  July 31, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT