IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JERAMIE A. MCCULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-00347-DGK |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DETERMINING COSTS**

This employment case arises from Defendant Union Pacific Railroad Company's ("Union Pacific") failure to hire Plaintiff Jeramie McCullen for a train crew position. The Court granted summary judgment in Union Pacific's favor on all claims. ECF No. 86.

Now before the Court is Union Pacific's proposed bill of costs, ECF No. 91, and Plaintiff's objection to certain deposition related costs, ECF No. 92. Union Pacific seeks $3,735.30 in costs for various items. Plaintiff asks the Court to subtract the cost of the deposition transcript for Jeffrey Anderson and the video depositions of Jennifer Ball and Dr. John Holland. Union Pacific has not responded to the objection.

For the reasons discussed below, the objections are SUSTAINED. Union Pacific is AWARDED $3,164.30 in costs.

**Standard**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." A district court "has discretion in determining and awarding costs in a given case." *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987); *see Marx v.*

*Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013) ("[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court."). But the prevailing party "is presumptively entitled to recover all of its costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006). "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable. 28 U.S.C. § 1920(2).

### Discussion

Plaintiff argues that the Court should deduct the cost of certain deposition videos or transcripts because they were not necessarily obtained for use in the case. In fact, Plaintiff persuasively concedes that under Eighth Circuit precedent, the costs for his deposition video *and* transcript are recoverable because he was a central witness and his credibility was at issue. But he argues that Union Pacific should not get the same treatment for witnesses Jeffrey Anderson, Jennifer Ball, and John Holland. Union Pacific has not responded to these arguments.

The Eighth Circuit has held that "1920(2) permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015). Following that case, numerous courts have found that a video deposition is "necessarily obtained for use in a case" when the party orders it to impeach the plaintiff or otherwise challenge his credibility at trial. *Barcomb v. Gen. Motors LLC*, 978 F.3d 545, 551 (8th Cir. 2020); *Jackson v. Gen. Motors, LLC*, No. 4:18-CV-1243-RLW, 2020 WL 4698501, at *3 (E.D. Mo. Aug. 13, 2020); *Gustafson v. Bi-State Dev. Agency of the Missouri-Illinois Metro. Dist.*, No. 4:18-CV-02074-SRC, 2020 WL 6544236, at *2 (E.D. Mo. Nov. 6, 2020); *Perez v. BNSF Ry. Co.*, No. 18-00239-CV-W-BP, 2019 WL 7593373, at *2 (W.D. Mo. Sept. 16, 2019).

Here, Union Pacific has not shown that both the videos and transcripts of the depositions of Anderson, Ball, and Holland were necessary for use in the case. The transcripts for Ball and Holland were used by Union Pacific on summary judgment, but they have not provided *any* reason for why they needed the videos of those depositions. Likewise, they have not shown why they needed *both* the video and transcript for Anderson—a witness that seems to be minor at best.

Since they have not shown the necessity for having both the video and transcript for these witnesses, the Court SUSTAINS Plaintiff's objection. It accordingly subtracts from the cost request the fees for Ball's video ($127), Holland's video ($297), and Anderson's transcript ($147). Union Pacific is AWARDED $3,164.30 in costs.

**IT IS SO ORDERED.**

Date:  December 1, 2023   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT